

SUPERIOR COURT
CUMBERLAND, SS

STATE OF MAINE
CIVIL ACTION
DOCKET NO. CV-13-49

KELLY, REMMEL & ZIMMERMAN )
)
     Plaintiff )
)
v. )
)
               JUDGMENT ON AWARD
FAUNA STONE, a/k/a PAULA STONE, )   OF DAMAGES
)
RAISIN MEMORIAL TRUST, )
)  STATE OF MAINE
     and )  Cumberland. ss. Clerk's Office
)
SAMSARA MEMORIAL TRUST, )  JAN 06 2016
)
     Defendants. )  RECEIVED

This matter is before the Court following remand by the Law Court. Samsara Memorial Trust v. Kelly, Remmel & Zimmerman, 2014 ME 107. This case was remanded for determination of damages. Plaintiff Kelly, Remmel & Zimmerman ("KRZ") commenced this case by filing an action for breach of contract in 2010. Plaintiff amended the complaint in 2011 to claim fraudulent transfer by Defendants, Fauna Stone, Raisin Memorial Trust and Samsara Memorial Trust. Plaintiff seeks recovery of its attorneys' fees from representation of Fauna Stone and Raisin Memorial Trust in a foreclosure action. Plaintiff also seeks costs and fees spent seeking payment.

The Law Court's August 19, 2014 decision provides guidance on establishing damages resulting from a judgment of fraudulent transfer pursuant to 14 M.R.S. §3578 and §3579. According to §3578, a creditor successful in an action for fraudulent transfer may recover damages of the underlying claim, attorneys' fees and expenses incurred in recovery of the claim. The total amount awarded, including both the underlying claim and any damages awarded for fees and expenses, must not exceed twice the value of the fraudulent transfer. An exception to this rule is set out in 14 M.R.S. § 3579 for recovery against a transferee. In situations where a fraudulent transfer is voidable, a plaintiff may recover from the first transferee, or any subsequent transferee other than a good faith transferee, the lesser of

1

the underlying claimed amount or the total amount of the fraudulent transfer. 14 M.R.S. §3579 (2015). This provision limits recovery against a transferee to the value of the fraudulent transfer.

In the current matter, the transfer of the Bar Harbor property, located at 182 Otter Cliff Rd., Bar Harbor, Maine, from Raisin Memorial Trust to Samsara Memorial Trust on October 5, 2010 constituted a fraudulent transfer. Court Order, July 17, 2013. Because the transfer was fraudulent and because the transferee, Samsara Memorial Trust, did not provide reasonably equivalent value in consideration of the transfer, the transfer is voidable. *See Official Post Confirmation Comm. of Creditors Holding Unsecured Claims v. Markheim*, 2005 ME 81, ¶11, 877 A.2d 155 (Me. 2005); 14 M.R.S. §§ 3578(1) (2015). Therefore, as transferee, Samsara Memorial Trust's liability is limited to the lesser of KRZ'z claim or the value of the transferred property. The value of the underlying claim is $52,217.40. This amount was determined by the Fee Arbitration Commission of the Board of Bar Overseers in June 2012. The value of the transferred property is $170,000, based on tax assessment of the property. Because KRZ's underlying claim is less than the value of the transferred property, KRZ is awarded the full amount of the underlying claim to be paid by Samsara Memorial Trust: $52,217.40.

As the transferor, Raisin Memorial Trust may be liable for both the claim and the resulting attorneys' fees and expenses. KRZ seeks $166,788.32 of damages in attorneys' fees and expenses in addition to the claimed amount of $52,217.40, totaling $219,005.72. Defendants dispute the amount of fees claimed. They argue that KRZ's fees are unreasonable and represent an excessive amount of time conferencing, discussing, and emailing about the case. The Court declines to reduce the time recorded by KRZ for interoffice discussion of the case.

Defendants further argue that had KRZ reviewed the Registry of Deeds prior to the August 19, 2010 hearing, and presented evidence of the transfer of the Blue Hill properties to the Court at that time, the Court would have ordered a court officer to sign the mortgage deed on behalf of Casey. Had Raisin Memorial Trust been awarded a clerk-

2

signed mortgage deed to the Blue Hill properties as a result of the August 19, 2010 hearing, further time and fees seeking a mortgage deed would not have been spent. On this basis, Stone claims that she should not be held liable for fees spent seeking a settlement with Casey and a signature on the mortgage deed after the August 19, 2010 hearing. Because the Court is unable to determine that an order would have been entered compelling a clerk to sign a mortgage deed on Casey's behalf had evidence of Casey's transfer of the Blue Hill properties been presented at the August 19, 2010 hearing, the Court denies Stone's request to deduct time spent seeking to "secure the Blue Hill mortgage deeds" after the August 19, 2010 hearing.

The Court awards KRZ damages in the amount of $219,005.72 to be paid by Raisin Memorial Trust. This figure represents the underlying claim for $52,217.40 and $166,788.32 in attorneys' fees and expenses. This award meets the statutory requirement of being less than twice the value of the fraudulent transfer ($170,000 x 2 = $340,000).

**The entry is:**

On Count I, the Court orders Raisin Memorial Trust and Fauna Stone, jointly and severally, to pay Kelly, Remmel & Zimmerman damages in the amount of $219,005.72 plus pre-judgment interest, post-judgment interest, and costs.

On Count II, the Court orders Samsara Memorial Trust and Fauna Stone, jointly and severally, to pay Kelly, Remmel & Zimmerman damages in the amount of $52,217.40 plus pre-judgment interest, post-judgment interest, and costs.

Payment by Fauna Stone, Samsara Memorial Trust, or Raisin Memorial Trust toward either the judgment awarded on Count I or Count II shall be credited toward both judgments. The combined amount to be paid by Fauna Stone, Samsara Memorial Trust, and Raisin Memorial Trust shall be $219,005.72 plus pre-judgment interest, post-judgment interest, and costs.

3

The Clerk is directed to incorporate this Judgment on the civil docket by reference in accordance with M.R. Civ. P. 79(a).

Date: Jany 6, 2016

Roland Cole
Chief Justice, Superior Court

4